UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ARRICO SPIRES,** | : | Case No. 1:09-CV-1132 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **LEE LUCAS, *et al.*,** | : | **MEMORANDUM & ORDER** |
| | : | |
| **Defendants.** | : | |

On August 6, 2010, Defendant Lee Lucas filed a motion captioned "Defendant Lucas' Motion to Dismiss Complaints on Qualified Immunity Grounds," seeking dismissal of the Plaintiff's *Bivens* claims under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 66.)  Though it purports to be a motion to dismiss, it more closely resembles a motion for summary judgment because it is predicated not on the fact that the elements of a particular claim are not asserted, but on the fact that there is insufficient factual basis to support the Plaintiff's *Bivens* claims.[1]  That Lucas attached to this motion a twenty-three page declaration and twenty-nine exhibits, none of which were attached to the pleadings, further

---

[1] The parties themselves appear to be uncertain about whether Lucas's filing is a motion to dismiss or a motion for summary judgment.  Though the filing purports to be a Motion to Dismiss "pursuant to Fed.R.Civ.P. 12(b)(6)," (Doc. 66 at 1), Lucas, in his reply brief, asks this Court to "grant his motion for summary judgment," (Doc. 87 at 10).  In addition, the Plaintiff responded to Lucas's motion by filing a 56(f) affidavit, which is a proper response to a motion for summary judgment, not a motion to dismiss.  (*See* Doc. 72-2.)

supports this characterization. (*See* Docs. 66-2-66-31.) Indeed, because these supporting documents are extrinsic to the pleadings, the Court must either convert Lucas's motion to one for summary judgment or exclude those documents when ruling on the motion to dismiss. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).

Because Lucas's filing more closely resembles a motion for summary judgment, and is supported by documents extrinsic to the pleadings, the Court hereby notifies the parties that it will convert Lucas's motion to dismiss to one for summary judgment.[2] *See id*; *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. Ohio 2009).

**IT IS SO ORDERED.**

        *s/ Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 19, 2010**

---

[2] Under Rule 12(d), the Court could alternatively exclude any materials outside of the pleadings and rule on the motion to dismiss. If Lucas's motion were treated as a motion to dismiss, however, it would be untimely because Lucas answered prior to filing it. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").